UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL TREMAYNE LONDON,

    Plaintiff,

v.

Case No. 25-cv-11413
Hon. Matthew F. Leitman

RIVER ROUGE POLICE DEPARTMENT, *et al.*,

    Defendants.

_____/

## ORDER (1) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND (2) SUMMARILY DISMISSING ACTION

On May 13, 2025, Plaintiff Randall Tremayne London filed this action against Defendants River Rouge Police Department, Wayne County, the Law Firm of Barton Morris, and the State of Michigan. (*See* Compl., ECF No. 1.) London also filed an application to proceed *in forma pauperis*. The Court has reviewed the Complaint and application. The application to proceed *in forma pauperis* is **GRANTED**. However, the Court will summarily dismiss the Complaint on the basis that all of the claims London brings are barred by *res judicata*. London previously brought claims arising out of the same incident. (*See* E.D. Mich. Case No. 24-10754.) Those claims were dismissed on the merits. Moreover, any claims London did not bring in the previous action that he seeks to assert in this action could have,

1

and should have, been brought in the prior action. Therefore, for the reasons explained below, the Complaint is **DISMISSED WITH PREJUDICE**.

The Court is required to screen all complaints filed by plaintiffs proceeding *in forma pauperis* and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). While the Court is obligated to liberally construe documents filed by pro se plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim). The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

In this action, London brings claims arising out of the search of his home in March 2021 and his arrest and incarceration following that search. London first filed a Complaint arising out of the same incident in March of 2024 (the "First Action"). (*See* 24-10754, Compl., ECF No. 1.) In the First Action, London named as Defendants River Rouge Police Department, Barton Morris Law Firm, and Wayne County. (*See id.*) He claimed that after he was arrested, he paid his bond "within

the first few hours of being in custody and was not released until [a] tether was aaailable weeks later." (*Id.*, PageID.5.)  He further said he was "never given [his] diabetes medicine." (*Id.*)  He asserted claims for "police misconduct, due process violation, malfeasance, ineffective assistance of counsel, malicious prosecution, 4th amendment rights violation, prosecutorial misconduct, [and] judicial misconduct." (*Id.*, PageID.1.)

Barton Morris and Wayne County filed motions to dismiss. (*See* 24-10754 Mots., ECF Nos. 15, 16.)  London did not respond.  On October 23, 2024, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which she recommended the Court grant the motions to dismiss and to *sua sponte* dismiss London's claims against River Rouge Police Department. (*See* R&R, ECF No. 28.)  In the R&R, the Magistrate Judge concluded that London's complaint failed to state a claim against any of the Defendants. (*See id.*)  London filed a motion for an extension of time to file objections to the R&R (*see* Mot., ECF No. 29), which the Court granted (*see* Order, ECF No. 30).  However, London did not file objections to the R&R.  Accordingly, On December 20, 2024, the Court adopted the recommendation in the R&R, granted the motions to dismiss, and dismissed London's complaint. (*See* Order, ECF No. 34.)

Most, if not all, of London's claims in this action were previously dismissed by this Court in December of 2024. (*See* 24-10754 Order, ECF No. 34.)  Thus, to

the extent London brings the same claims against the same defendants in the previous action, those claims were decided on the merits and are barred by *res judicata*. *See Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999).  Moreover, any claims London did not assert in the First Action that he brings in this action arise out of the same incident, and therefore could have, and should have, been asserted in the First Action. *See id.*  Accordingly, London's Complaint is **DISMISSED**.

    **IT IS SO ORDERED.**

s/Matthew F. Leitman<br>MATTHEW F. LEITMAN<br>UNITED STATES DISTRICT JUDGE

Dated:  July 16, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>Case Manager<br>(313) 234-5126